# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD C. FREDERICK and,** | : Docket No. 08-288E |
| **LOUISE M. FREDERICK, h/w,** | :  (Judge Sean J. McLaughlin) |
| **MICHAEL A. MAHLE and** | : |
| **PAULA M. MAHLE, h/w, DONALD** | : ELECTRONICALLY FILED PLEADING |
| **PORTA, and all other persons** | : |
| **similarly situated,** | : |
| | : CLASS ACTION |
| **Plaintiffs** | : |
| | : **FIRST AMENDED COMPLAINT** |
| vs. | : |
| | : |
| **RANGE RESOURCES –** | : Jury Trial Demanded |
| **APPALACHIA,  LLC** | : |
| | : |
| **Defendant** | : |
| | : Filing Party: Plaintiffs |
| | : |
| | : Counsel of for this party: |
| | : Joseph E. Altomare |
| | : PA ID #17156 |
| | : P.O. Box 373 |
| | : 314 S. Franklin Street |
| | : Titusville, PA  16354 |
| | :  (814) 827-9626 |
| | :  (814) 827-9143 – Fax |
| | : jaltomar@msn.com |

## FIRST AMENDED COMPLAINT

**NOW** come the Plaintiffs stating the following claims against the Defendants:

## THE PARTIES

1. Plaintiffs, Donald C. Frederick, Michael Mahle and Donald F. Porta, are an adult individual, residents of Venango County, Pennsylvania.

2. Plaintiffs bring this action on behalf of themselves individually and as representative parties (the "Representative Parties") on behalf of the class of all others similarly situated (the "Class") consisting of the following:

> Every owner of a royalty interest with respect to oil and gas at any time produced by the Defendant while operating any oil and gas property, wherever situate, divided into such sub-classes as the Court shall certify.

3. Defendant, Range Resources - Appalachia, LLC, is a Delaware limited liability company having its principle place of business at PO Box 550, 125 State Route 43, Hartville, Ohio 44632.

## CLASS ACTION ALLEGATIONS

4. <u>Numerosity</u>. The Class is so numerous that the joinder of all members is impracticable in that it is believed and therefore averred that the Class consists of more than 2000 persons.

5. <u>Commonality</u>. There are questions of law or fact common to the Class in that each claim asserted in this action is based as to each member of the class, on the identical conduct of the Defendants.

6. <u>Typicality</u>. The claims of the Representative Parties are typical of the claims of the Class in that all members of the Class have been unlawfully deprived of money to which they were entitled as hereinafter more particularly described.

7. <u>Representational Adequacy</u>. The Representative Parties will fairly and adequately assert and protect the interests of the Class in that:

    (a) The claims of the Representative Parties are identical in all respects to the claims of the Class;

    (b) There are no conflicting interests among the members of the Class, inclusive of the Representative Parties;

    (c) Counsel for the Representative Parties and the Class is an experienced litigator with over thirty years trial experience as a member in good standing of the Bar of the State and Federal Courts of Pennsylvania and Ohio.

    (d) Counsel for the Representative Parties and the Class has agreed to advance all costs of this litigation so as to assure that the interests of the Representative Parties, and the Class will not be harmed by the inability to acquire adequate financial resources to prosecute the claims to finality.

## **ALLEGATIONS COMMON TO ALL COUNTS**

8. Each of the Plaintiffs is the owner of a royalty interest with respect to natural gas which has been, and continues to be produced and sold from certain properties by the Defendant as operator, which interest (the "Royalty") arises out of one or more of the written instruments (the "Instruments") attached at Exhibits "A" of the original Complaint filed herein, each of the same being incorporated herein by reference.

9. Each of the Plaintiffs have received, and continue to receive periodic payments from Defendant purporting to be in discharge of Defendant's obligation to pay their respective Royalty.

10. Plaintiffs believe and therefore aver that periodic payments so received from Defendant are deficient and that Defendant has failed to pay to each Plaintiff the full Royalty to which each is entitled by engaging in one or more of the following practices:

    (a) improperly calculating the gross Royalty using the point of sale rather than well head volumes as the multiplier (the "Volume Deduction").

    (b) improperly adjusting the volumes by temperature and pressure (the "Volume Multiplier").

    (c) assessing and withholding the alleged cost of marketing the gas removed from the premises (the "Marketing Deductions").

    (d) assessing and withholding a management fee (the "Management Deductions").

    (e) failing to account to Plaintiffs for their Royalty share of the value of the sale of liquid hydrocarbons extracted from the gas and separately sold by Defendants (the "Liquid Hydrocarbons").

    (f) failing to account to Plaintiffs for their Royalty share of the value of the natural gas removed from the premises which is consumed in the process of stripping the gas of its Liquid Hydrocarbons prior to selling the residue gas (the "Shrinkage").

    (g) failing to account to Plaintiffs for their Royalty share of the value of the oil which is produced incidental to the production of gas; and

    (h) withholding other amounts not presently known to Plaintiffs (the "Other Deductions").

### COUNT I -  ACCOUNTING

11.     Each of the foregoing allegations of this Complaint are incorporated herein by reference as if fully herein set forth.

**WHEREFORE**, as to this Count I each Plaintiff prays for an Order of Court commanding the Defendant to make a full and compete accounting of all items of income and expense arising from each well in which the Plaintiff's have an interest.

### COUNT II -  CONTRACT

12.     Each of the foregoing allegations of this Complaint are incorporated herein by reference as if fully herein set forth.

**WHEREFORE**, as to this Count II each Plaintiff demands judgment against Defendant in such compensatory amount as shall be determined at trial, together with pre-judgment interest and costs of suit.

### COUNT III -  CONVERSION

13.     Each of the foregoing allegations of this Complaint are incorporated herein by reference as if fully herein set forth.

14.     Plaintiff believes and therefor avers that the practices of the Defendant described at paragraph 10 hereinabove have been, and continue to be intentionally and maliciously designed to convert property of the Plaintiff to Defendant's own use and account.

**WHEREFORE**, as to this Count III Plaintiff demands judgment against Defendant in such compensatory amount as shall be determined at trial together with pre-judgment interest, punitive damages and costs of suit.

### COUNT IV -  UNJUST ENRICHMENT

15.     Each of the foregoing allegations of this Complaint are incorporated herein by reference as if fully herein set forth.

16.     Defendant's conduct as hereinabove described has resulted in its unjust enrichment.

**WHEREFORE**, as to this Count IV Plaintiff demands judgment against Defendant in such compensatory amount as shall be determined at trial together with pre-judgment interest, punitive damages and costs of suit.

## COUNT V - INJUNCTIVE RELIEF

17.     Each of the foregoing allegations of this Complaint are incorporated herein by reference as if fully herein set forth.

18.     Plaintiff avers that the practices of the Defendant described at paragraph 10 hereinabove are continuing and will likely continue into the future.

19.     The legal remedies sought hereinabove at Counts I through IV are therefore incomplete and inadequate.

**WHEREFORE**, as to this Count V Plaintiffs requests equitable relief in the form of decree of Court enjoining the Defendant to cease and desist from continuing the practices described at paragraph 10, and further request such additional equitable relief as the Court deems just.

    A JURY TRIAL OF 12 IS HEREBY DEMANDED

                        Respectfully submitted,


                        By     /s/Joseph E. Altomare
                              Joseph E. Altomare
                              Counsel for Plaintiffs