IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD C. FREDERICK and LOUISE M. FREDERICK, h/w, MICHAEL A. MAHLE and PAULA M. MAHLE, h/w, DONALD PORTA, and all other persons similarly situated, | : : : : : : : | Docket No. 08-288E (Judge Sean J. McLaughlin) ELECTRONICALLY FILED PLEADING CLASS ACTION |
| Plaintiffs | : : | ANSWER OF DEFENDANT |
| vs. | : : | |
| RANGE RESOURCES – APPALACHIA, LLC | : : : | Filing Party:  Defendant Counsel for this party: |
| Defendant | : : : : : : : | David W. Hardymon (pro hac vice) Vorys, Sater, Seymour and Pease LLP 52 East Gay Street, P.O. Box 1008 Columbus, OH  43216-1008 (614) 464-5651 (614) 719-4750 (Facsimile) dwhardymon@vorys.com |

**AMENDED ANSWER OF DEFENDANT
RANGE RESOURCES–APPALACHIA, LLC
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

For its amended answer to Plaintiffs' First Amended Complaint, Defendant Range Resources–Appalachia, LLC ("Range") makes the following admissions, denials and statements, to wit:

**FIRST DEFENSE**

1.      Range is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiffs' First Amended Complaint, and therefore, denies said allegations.

2. In response to the allegations set forth in paragraphs 2 and 4 through 7 of Plaintiffs' First Amended Complaint, Range states that this action is not appropriate for class certification for the reasons that, *inter alia*, the claims of the putative class are governed by the express terms of written leases, which vary widely in the provisions governing the payment of royalties and which are governed by the disparate state law of several jurisdictions; the claims of the putative class members lack common questions of law and fact and cannot be fairly and adequately resolved in a class action proceeding; Plaintiffs' claims are not representative of the claims of the putative class; and Plaintiffs are not adequate representatives of the putative class.  Further, Range denies each and every other allegation set forth in paragraphs 2 and 4 through 7 of Plaintiffs' First Amended Complaint not herein specifically admitted to be true.

3. Range admits the allegations set forth in paragraph 3 of Plaintiffs' First Amended Complaint.

4. In response to the allegations set forth in paragraph 8 of Plaintiffs' First Amended Complaint, Range admits that the lease copies attached to Plaintiffs' original Complaint identify the named plaintiffs as lessors of certain properties and mineral interests, and states that said leases speak for themselves with respect to the rights and obligations of the parties.  Range denies the remaining allegations set forth in paragraph 8 of Plaintiffs' First Amended Complaint for lack of knowledge or information.

5. In response to the allegations set forth in paragraph 9 of Plaintiffs' First Amended Complaint, Range states that Plaintiffs have received, and continue to receive, periodic payments from Range, which payments fully discharge all of Range's royalty obligations under the subject leases.

6. Range denies the allegations set forth in paragraph 10 of Plaintiffs' First Amended Complaint.

7. In response to the allegations set forth in paragraph 11 of Plaintiffs' First Amended Complaint, Range hereby incorporates by reference the admissions, denials and statements set forth in paragraphs 1 through 6 of this Answer, as if fully rewritten herein, and denies that Plaintiffs are entitled to an Accounting.

8. In response to the allegations set forth in paragraph 12 of Plaintiffs' First Amended Complaint, Range hereby incorporates by reference the admissions, denials and statements set forth in paragraphs 1 through 7 of this Answer, as if fully rewritten herein. Range denies the remaining allegations set forth in paragraph 12 of Plaintiffs' First Amended Complaint.

9. In response to the allegations set forth in paragraph 13 of Plaintiffs' First Amended Complaint, Range hereby incorporates by reference the admissions, denials and statements set forth in paragraphs 1 through 8 of this Answer, as if fully rewritten herein.

10. Range denies the allegations set forth in paragraph 14 of Plaintiffs' First Amended Complaint.

11. In response to the allegations set forth in paragraph 15 of Plaintiffs' First Amended Complaint, Range hereby incorporates by reference the admissions, denials and statements set forth in paragraphs 1 through 10 of this Answer, as if fully rewritten herein.

12. Range denies the allegations set forth in paragraph 16 of Plaintiffs' First Amended Complaint.

13. In response to the allegations set forth in paragraph 17 of Plaintiffs' First Amended Complaint, Range hereby incorporates by reference the admissions, denials and statements set forth in paragraphs 1 through 12 of this Answer, as if fully rewritten herein.

14. Range denies the allegations set forth in paragraph 18 of Plaintiffs' First Amended Complaint.

15. Range denies the allegations set forth in paragraph 19 of Plaintiffs' First Amended Complaint.

16. Range denies each and every other allegation set forth in Plaintiffs' First Amended Complaint not herein specifically admitted to be true.

## SECOND DEFENSE

17. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

18. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

19. Plaintiffs lack standing to bring some or all of the claims asserted in Plaintiffs' First Amended Complaint.

## FIFTH DEFENSE

20. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

**SIXTH DEFENSE**

21. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH DEFENSE**

22. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**EIGHTH DEFENSE**

23. To the extent Plaintiffs' claims are based upon implied obligations or covenants, Range denies that any such obligations or covenants apply, and states that the parties' rights and obligations are determined by the express terms of their written agreements.

**NINTH DEFENSE**

24. Plaintiffs' cause of action against Range alleging breach of contract is barred because of lack of consideration.

**TENTH DEFENSE**

25. Plaintiffs' claims are barred, in whole or in part, by the express provisions of the applicable leases which govern the payment of royalties.

**ELEVENTH DEFENSE**

26. Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate remedy at law.

**TWELFTH DEFENSE**

27. To the extent Plaintiffs' claims are premised upon implied covenants, Range denies the applicability of said covenants to the claims set forth in the First Amended Complaint.

**THIRTEENTH DEFENSE**

28.     The damages claimed by Plaintiffs are unclear, contingent and speculative and are therefore not recoverable.

**FOURTEENTH DEFENSE**

29.     Plaintiffs' claims are barred, in whole or in part, because they ratified the acts or omissions alleged in Plaintiffs' First Amended Complaint.

**FIFTHTEENTH DEFENSE**

30.     An award of punitive damages would violate Range's rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and under the Constitution of the Commonwealth of Pennsylvania.

**SIXTEENTH DEFENSE**

31.     This action cannot properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**SEVENTEENTH DEFENSE**

32.     The claims of Plaintiffs Donald C. Frederick and Louise M. Frederick, h/w, are barred by virtue of their previously filed action pending in the Common Pleas Court of Venango County, Pennsylvania, captioned <u>Don C. Frederick and Louise M. Frederick v. Great Lakes Energy Partners, LLC</u>, Civil Action No. 1450 or 2003, C.D.

**EIGHTEENTH DEFENSE**

33.     Plaintiffs' claims are barred for failure to comply with the notice provisions of the subject leases prior to the initiation of this action.

WHEREFORE, Defendant Range Resources–Appalachia, LLC prays that all claims asserted against it in Plaintiffs' Complaint be dismissed with prejudice, that the costs herein be assessed to Plaintiffs, and that Defendant be awarded its costs incurred herein, including attorneys' fees.

Dated: May 20, 2010.

Respectfully submitted,

 s/David W. Hardymon
David W. Hardymon (pro hac vice)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216
(614) 464-5651 / Fax: (614) 719-4750
dwhardymon@vorys.com

*Attorney for Defendant*
*Range Resources-Appalachia, LLC*

Daniel J. Sponseller (PA 35128)
Law Office of Daniel J. Sponseller
409 Broad Street, Suite 200
Sewickley, PA 15143
(412) 741-4411
(412) 741-4433 (facsimile)
dsponseller@sponsellerlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph E. Altomare
228 E. Central Avenue
P.O. Box 373
Titusville, PA 16354
(814) 827-9626
(814) 827-9143 (facsimile)
jaltomar@msn.com

    _s/David W. Hardymon_____
David W. Hardymon

*Attorney for Defendant*
*Range Resources-Appalachia, LLC*