IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD C. FREDERICK and, | : | Docket No. 08-288E |
| LOUISE M. FREDERICK, h/w, | : | |
| MICHAEL A. MAHLE and | : | |
| PAULA M. MAHLE, h/w, DONALD | : | |
| PORTA, and all other persons | : | |
| similarly situated, | : | |
| | : | CLASS ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| RANGE RESOURCES – | : | |
| APPALACHIA, LLC | : | |
| | : | |
| Defendant | : | |

**<u>ORDER CERTIFYING CLASS, APPOINTING CLASS COUNSEL,
PRELIMINARILY APPROVING SETTLEMENT, AND APPROVING THE
FORM AND MANNER OF NOTICE TO CLASS MEMBERS</u>**

This matter has come before the Court on an unopposed Omnibus Motion [Doc. No. 51] to Certify the Class, Appoint Class Counsel, Preliminarily Approve Settlement, and Approve the Form and Manner of Notice to Class Members (the "Motion"). In connection with a Settlement of this litigation, the above-named Plaintiffs (the "Named Plaintiffs") and the Defendant, Range Resources - Appalachia, LLC, ("Range") have entered into an Agreement and Stipulation of Settlement (the "Settlement Agreement"), by which they have set forth the proposed terms of settlement and agreed upon the form of a Notice of Class Action Settlement (the "Notice"), each of which are filed with the Court as Exhibits to the Motion.

The Court has considered the Motion, the Settlement Agreement, the Notice, the briefs and supporting affidavits and declarations filed by the parties, and all of the other pleadings, papers, and filings in this matter, and finding thereon good cause to do so,

**IT IS ORDERED** that the Motion is GRANTED as follows:

1. **Class Certification**: The within action is hereby certified to proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of a plaintiffs class defined as follows:

    a)     **Class Membership.** The membership of the Class shall consist of Persons who held a Royalty Interest in any Pennsylvania and/or Ohio oil and/or gas estate at any time after September 15, 2004 that was, is or became Owned by Range, its predecessors or affiliates at any time prior to October 13, 2010.

    b)     <u>**Exclusions**</u>. Notwithstanding the foregoing, there shall be excluded from the Class,

        i) Royalty Interest, to the extent included in the settlement of the class claims certified in the matter *Charton v. MB Operating Co., Inc*., Case No. 90-CV-110417 (Court of Common Pleas, Tuscarawas County, Ohio);

        ii) A Royalty Interest, to the extent arising under an instrument which expressly prohibits the deduction of Post Production Costs.

        iii) Any Person electing to be excluded from the Class;

        iv) A Royalty Interest in any Ohio oil or gas estate, which estate became Owned by Range on or after April 1, 2010; and

        v) A Royalty Interest in an Ohio oil or gas estate, which estate is among the undeveloped deep rights Owned by Range in Belmont, Columbiana and Jefferson County, Ohio that were retained by Range following the sale of Range's remaining Ohio oil and gas properties to an unrelated party on March 30, 2010.

    c)     **Defined Terms:** "Owned by Range" means oil and gas interests owned, leased or operated by Range, excluding those wells of which Range is a non-operator and/or is not vested with the right or obligation to calculate and pay the royalty. All other undefined capitalized terms used in the foregoing shall have the special meaning ascribed to them in the Agreement and Stipulation of Settlement.

2. **Class Claims**: The Class claims are set forth in the Amended Complaint. Specifically, the Named Plaintiffs are oil and gas royalty interest holders who seek to recover what they claim to have been excessive post production cost deductions allegedly made by Range. Range denies all wrongdoing and claims that the deductions are lawful and proper.

3. **Class Representatives and Class Counsel**: The Named Plaintiffs are hereby designated as Class Representatives and Joseph E. Altomare is hereby designated Class Counsel.

4. **Provisional Approval of Settlement**: The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate to the Class, subject to the right of any class member to challenge the fairness, reasonableness or adequacy of same and to show cause, if any exists, why a final judgment dismissing claims based on the Settlement Agreement should not be entered at the Fairness Hearing ordered herein.

5. **Notice to the Class**. The Notice, which is attached to the Motion as Exhibit 3, is hereby approved.

> a) Class Counsel is hereby directed to mail, or cause to be mailed, a copy of the Proposes Notice to each potential Class Member by United States First Class Mail on or before October 29, 2010.
>
> b) On or before the date fixed by this Court for the Fairness Hearing, Class Counsel shall cause to be filed with the Clerk of the Court and served upon Range, affidavits or declarations of the persons under whose general direction the mailing of the Notice shall have been prepared and made, showing that such mailing has been done in accordance with this Order.
>
> c) Pursuant to Rule 23(c) of the Federal Rules, this Court hereby finds and concludes that the form and manner of giving notice by the mailing required by this Order is, under the circumstances, the best practicable notice to all class members; that such method of notice provides due and sufficient notice of these proceedings and of the matters described in the Notice, including the Settlement set forth in the Notice, to all persons entitled to such notice; and that said notice procedure satisfies the requirements of the Federal Rules and the requirements of state and federal constitutional due process.

6. **Jurisdiction Over Class**. Pending final resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the class members for purposes of effectuating the settlement and releasing their claims. Pending final resolution of the settlement proceedings, no other action now pending or hereafter filed arising out of all or any part of the subject matter of this

action shall be maintained as a class action, and except upon good cause shown, all persons are hereby enjoined during the pendency of these settlement proceedings from filing or prosecuting purported class actions against Range with respect to any of the claims which are proposed to be settled by virtue of these settlement proceedings.

7. **Fairness Hearing.** On December 8, 2010, at 9:30 a.m., or as soon thereafter as Class Counsel may be heard, in Court Room C of the United States Court House, 17 South Park Row, Erie, Pennsylvania, a hearing conducted by this Court (the "Fairness Hearing") will be held to determine: (a) whether the Court should approve the fairness, reasonableness, and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and enter a final judgment thereon, and (b) the amount of attorneys' fees and expenses to be awarded to Class Counsel and the Named Class Representatives. The Fairness Hearing, and all other dates provided for herein, may from time to time, and without further notice to the class Member, be continued or adjourned by order of the Court

8. **Class Counsel Filings**. Not later than 20 days preceding the Fairness Hearing, Class Counsel shall file with this Court and serve on opposing counsel, as appropriate, copies of: (i) submissions in support of final approval of the Settlement Agreement; (ii) applications for payment of attorneys' fees and expenses to Class Counsel and the Named Class Representatives; and (iii) submissions in support of such applications. Range may, but shall not be obligated to, file such briefs and submissions as it deems appropriate within 10 days thereafter, and each of Range and Class Counsel and Class Counsel may at any time, but shall not be obligated to, file briefs and submissions in opposition to any objections filed by a class member.

9. **Objections and Opt-Out Rights.** Individual class members shall be entitled either to object to the Settlement Agreement and/or the applications for attorneys' fees and expenses of Class Counsel and the Class Representatives, or elect to opt-out of the class settlement so as to avoid being bound thereby, solely in accordance with the procedures, requirements and deadlines for doing so specifically described in the Notice. No class member that opts-out of the class shall be permitted to file any objection, and any objection that may be filed by such

member shall be disregarded. Class Counsel and counsel for Range may contact any class member that opts-out, or if represented, such member's counsel, to discuss the reason for requesting exclusion from the class. Class Counsel shall prior to the Fairness Hearing file an affidavit certifying the identity of each class member who is to be excluded from the class.

10. **Failure of Settlement**. In the event that the Fairness Hearing does not result in final approval of the settlement, or, in the event that Class Counsel or Range terminate the Settlement Agreement in accordance with the limited prerogatives to do so accorded each in that agreement, the provisional approval of this Order shall be rendered null and void and shall be deemed vacated.

SO ORDERED this 13th day of October, 2010.

**/s/ Sean J. McLaughlin**
Sean J. McLaughlin
District Judge