# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD C. FREDERICK and , | : | Docket No. 08-288E |
| LOUISE M. FREDERICK, h/w, | : | District Judge McLaughlin |
| MICHAEL A. MAHLE and | : | |
| PAULA M. MAHLE, h/w,  DONALD | : | |
| PORTA, and all other persons | : | |
| similarly situated, | : | |
| Plaintiffs | : | CLASS ACTION |
| vs. | : | |
| RANGE RESOURCES – | : | |
| APPALACHIA,  LLC | : | |
| Defendant | : | |

## ORDER AMENDING LEASES

WHEREAS, by Order entered on October 13, 2010 (Doc. 58), this Court certified a class of plaintiffs (the "Class") consisting of the following:

a) Class Membership. The membership of the Class shall consist of Persons who held a Royalty Interest in any Pennsylvania and/or Ohio oil and/or gas estate at any time after September 15, 2004 that was, is or became Owned by Range, its predecessors or affiliates at any time prior to October 13, 2010.

b) Exclusions. Notwithstanding the foregoing, there shall be excluded from the Class,

i) A Royalty Interest, to the extent included in the settlement of the class claims certified in the matter *Charton v. MB Operating Co., Inc*., Case No. 90-CV-110417 (Court of Common Pleas, Tuscarawas County, Ohio);

ii) A Royalty Interest, to the extent arising under an instrument which expressly prohibits the deduction of Post Production Costs.

iii) Any Person electing to be excluded from the Class;

iv) A Royalty Interest in any Ohio oil or gas estate, which estate became Owned by Range on or after April 1, 2010; and

v) A Royalty Interest in an Ohio oil or gas estate, which estate is among the undeveloped deep rights Owned by Range in Belmont, Columbiana and Jefferson County, Ohio that were retained by Range following the sale of Range's remaining Ohio oil and gas properties to an unrelated party on March 30, 2010.

vi) Any person who was not listed on Exhibit B to the Affidavit of Mailing Supplemental Notice [Doc. 75].

c) Defined Terms: **"Owned by Range"** means oil and gas interests owned, leased or operated by Range, excluding those wells of which Range is a non-operator and/or is not vested with the right or obligation to calculate and pay the royalty. All other undefined capitalized terms used in the foregoing shall have the special meaning ascribed to them in the Agreement and Stipulation of Settlement.

WHEREAS, by Order entered on this date of March 17, 2011, this Court has approved the terms of settlement set forth in the Second Amended Agreement and Stipulation of Settlement (the "Settlement Agreement"), all of the provisions of which, appearing at Document Number 73-1 of the docket of this case, being incorporated herein by reference as if fully herein set forth;

WHEREAS, the Settlement Agreement includes, among other provisions, the requirement that the Class Leases[1] be amended, and that certain attorneys fees be paid to Class Counsel from the defendant's interest therein;

**NOW THEREFORE,** it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. Each of the Class Leases, including but not limited to those identified in Schedule "A" attached hereto, are hereby amended to include the following additional terms:

> ANY PROVISION of this instrument (or any instrument to which this instrument is an amendment) to the contrary notwithstanding:
>
> (A) <u>Definitions.</u> The following words and terms as used herein shall have the following special definitions:
>
> "Accounting Period" shall mean a calendar month.
>
> "Dry Shale Gas" shall mean natural gas produced from the Marcellus or other shale formation which is not processed for the recovery of NGL's prior to delivery into a sales pipeline.
>
> "First Purchaser" shall mean the first arms-length purchaser of oil or natural gas produced, or NGL derived from natural gas produced from a well.
>
> "Gas Well" shall mean the well or collection of wells, the natural gas production from which is collected through a common gathering pipeline system for physical delivery to a common point in a transmission pipeline.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

"MCF" shall mean one thousand cubic feet of volume of natural gas.

"NGL" shall mean natural gas liquids, and include the saleable liquid petroleum by-products recovered from natural gas.

"NGL Processor" shall mean a third party that processes the natural gas production from the Class Wells and retains a percentage of the NGL obtained as its processing charge.

"Oil Well" shall mean the well or collection of wells, the oil production from which is collected into common holding facilities.

"Post Production Costs" shall mean and include all items of expense, including depreciation, incurred in the sale of natural gas produced at the well head to a First Purchaser, including but not limited to the cost of gathering, dehydration, compression, marketing and transportation of such gas from the well head to its point of delivery to such First Purchaser. The term Post Production Costs does not include any Production Costs.

"Production Costs" shall mean and include all items of expense, including depreciation, incurred in the exploration for and development of an oil and/or gas property to the point of actual production of oil and/or gas to a well head on such property, including but not limited to the cost of geological survey, well location, engineering, drilling, fracturing, well treatment, well completion and all expense associated with the production of oil and/or gas from a well, all cost relating to the maintenance, repair, re-treatment, re-fracturing or reworking of a well, and all cost incurred in the installation or replacement of any facility, equipment, fixture or component of such well necessary to its production. The term Production Costs does not include any Post Production Costs.

"PMCF" shall mean the Price Per MCF, calculated by the formula: P/V where: "P" is the total purchase price actually paid by First Purchasers for natural gas produced from a Gas Well(s) during an Accounting Period, whether calculated using volume or thermal content; and "V" is the volume (in MCF's) of the natural gas purchased by such First Purchasers.

"Wet Shale Gas" shall mean natural gas produced from the Marcellus or other shale formation which is processed for the recovery of NGL's prior to delivery into a sales pipeline.

(B) <u>Natural Gas Royalty Calculation.</u>

(1) All royalty payable under this instrument for natural gas produced from shale formations for any Accounting Period shall be calculated using the PMCF for the Gas Well(s), reduced by not more than the lesser of the following:

> (a) the pro rata royalty share of current Post Production Costs per MCF incurred during such period; and,
>
> (b)(i) in the case of royalty attributable to Wet Shale Gas production, the pro rata royalty share of $0.80 per MMBTU; or
>
> (b)(ii) in the case of royalty attributable to Dry Shale Gas production, the pro

rata royalty share of $0.72 per MMBTU.

(2) In calculating the royalty attributable to all other natural gas production, existing Post Production Costs shall be reduced by $.03 per MCF.

(C) <u>NGL Royalty Calculation.</u> Royalty attributable to natural gas produced by the Gas Well(s) to which this instrument pertains which is consumed in the production of NGL shall be calculated using the actual purchase price paid by the First Purchaser of the NGL so produced, net of the applicable pro rata share of the processing cost charged or retained by the NGL Processor or such First Purchaser.

(D) <u>Oil Royalty Calculation.</u> Royalty attributable to oil produced by the Oil Well to which this instrument pertains shall be calculated using the actual purchase price paid by the First Purchaser of such oil without deduction of any kind.

(E) <u>No Production Costs Assessment.</u> No royalty payable under this instrument shall be reduced by any amount attributable to Production Costs.

(F) <u>Lessee's Interest Encumbered.</u> Lessee's interest in the lands to which this instrument relates is hereby encumbered by a terminable interest in favor of Class Counsel, his heirs and assigns, as security for the payment of the fees to which Class Counsel, as therein identified, is entitled as set forth in paragraph 3.4 of the Second Amended Agreement and Stipulation of Settlement entered as Document 73-1 in the docket of the United States District Court of the Western District of Pennsylvania in *Frederick, et al v Range Resources–Appalachia, LLC*, Docket Number 08-288E, the terms of which are incorporated herein by reference as if herein fully set forth.

(G) <u>Incorporation of Class Settlement Order.</u> All of the provisions of the Order of the United States District Court for the Western District of Pennsylvania approving settlement in the case of *Frederick, et al v Range Resources – Appalachia, LLC*, Docket Number 08-288E, dated March 17, 2011, are incorporated herein by reference as if herein fully set forth.

2. This Order shall govern over any inconsistent provisions of the Class Leases and shall be effective as of the date of this Order, without regard to the date of recording, and that except as expressly amended by this Order, the Leases shall remain in full force and effect;

3. Notwithstanding the foregoing, this Order shall not apply to, nor in any way amend nor modify any Class Lease to the extent, but only to the extent of the interest of the persons identified at Schedule "B" attached hereto, each of whom have elected to be excluded from the Class.

4. The Defendant shall present for recording, to the Recorder of Deeds for each county in which a Class Lease is situated, a certified copy of this Order, together with such respective portion of each of the Schedules attached hereto as are pertinent to such county, and

further shall instruct the recording official in such county to: (i) index same in the name of Defendant, as grantor, and each Class Member as grantee; and (ii) to annotate the margin of each Class Lease to which this Order pertains with a notice of the recordation of this Order.

By the Court:

ENTERED:  March 17, 2011    /s/ Sean J. McLaughlin
Sean J. McLaughlin,
District Judge