IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD C. FREDERICK and LOUISE M. FREDERICK, h/w, MICHAEL A. MAHLE and PAULA M. MAHLE, h/w, DONALD PORTA, and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RANGE RESOURCES – APPALACHIA, LLC,<br><br>Defendant. | CASE NO: 1:08-cv-00288E |

## OMNIBUS POST-HEARING RESPONSE BRIEF FILED BY GEORGE M. ATEN, RAYMOND W. SEDDON, JAMES H. POST AND LEON CHOW

George M. Aten, Raymond W. Seddon, James H. Post[1] and Leon Chow, by and through counsel, Houston Harbaugh, P.C., Robert J. Burnett, Esquire, Brendan A. O'Donnell, Esquire and Erik M. Bergenthal, Esquire, hereby file the within Omnibus Post-Hearing Response Brief in accord with the August 15, 2019 Order authorizing such filing.

**A.    There remains no showing that the rights surrendered by the Class through the Supplemental Settlement are an adequate exchange for the value received.**

It is respectfully submitted that the ultimate substantive inquiry for this Honorable Court in this matter is whether the proposed Supplemental Settlement is "fair" to the Class. The testimony presented at the Fairness Hearing, together with the written submissions of the parties and affidavits of Class Counsel do not establish that the Supplemental Settlement is fair to the

---

[1] James H. Post, individually and as Trustee for the Seirsdale Family Trust.

Class and that the broad "Release of Range" was appropriate consideration for the claims that would be surrendered.

Contrary to the suggestions of Class Counsel, the instant objectors' concern with the substance of the proposed Supplemental Settlement is that viable claims with appreciable damages would be settled and compromised without commensurate value to the Class. This concern is rooted in Class Counsel's own Motion to Enforce, where Class Counsel enumerated a variety of alleged breaches of the Original Settlement. [ECF Doc. 93]. In addition to this, Class Counsel's acknowledged expert[2], Ryan Rupert, CPA, testified at the Fairness Hearing that he discovered that Range failed to apply post-production caps altogether and that he provided Class Counsel with documentation to substantiate this. [August 14, 2019 Notes of Testimony of R. Rupert at pp. 81:13-83:17].

Yet, from Class Counsel's submissions, including the Post Hearing Fairness Brief, it appears that Class Counsel has been solely focused on the MCF versus MMBTU post-production cost "cap" claim. Class Counsel has not presented materials to show that the value of other damage claims that the Class possessed were recognized, calculated and knowingly surrendered by the "Release of Range" in the Supplemental Settlement in exchange for reciprocal value from Range. It is respectfully submitted that Class Counsel had an obligation to the Class to know and understand the potential claims that the Class possessed and what those claims were worth before any reasoned decision could be made about what to surrender and what to accept as part of a negotiated resolution. Simply because Range and Class Counsel allege that settlement negotiations were conducted in an arms'-length manner does not dictate that Class Counsel understood, appreciated and presented the claims that the Class possessed nor does it mean that

---

[2] [ECF Doc. 181 at p. 8].

Class Counsel's agreement to such settlement was properly informed of the value of the claims the Class possessed.

In the Post Hearing Fairness Brief, Class Counsel speaks to alleged difficulties obtaining data from Range. But, aside from a wholly redacted spreadsheet replication attached to the Post Hearing Fairness Brief, the Class has not seen the data that Class Counsel reviewed to ascertain "what" it showed and whether Class Counsel's use and manipulation of that data was accurate. In light of the fact that Class Counsel's use of spreadsheets at the Fairness Hearing to substantiate his claim to attorneys' fees appeared to use the wrong calculations[3], there is at least a reasonable question about how the data presented by Range was used and processed by Class Counsel. This concern is compounded by the Affidavit of Mr. Rupert, who has presented analysis to this Honorable Court that the Class possessed damage claims worth tens of millions of dollars more than the amount in the Supplemental Settlement. [ECF Doc. 180-1]. At a minimum, this information, prepared by Class Counsel's own expert, dictates that further inquiry be undertaken to ascertain how Class Counsel valued the claims of the Class in order to bargain for the Supplemental Settlement[4] because this Honorable Court is left with only Class Counsel's summary assurances that he concluded as a matter of law that other claims were not actionable. [ECF Doc. 171 at p. 8].

### B. The Jurisdictional Issue Remains Substantively Unaddressed.

There is no claim that this Honorable Court lacked subject matter jurisdiction over the Class as it was defined at the time of certification. The jurisdictional issue arises here because it appears that the Supplemental Settlement applies not only to the members of the original Class,

---

[3] [August 14, 2019 Notes of Testimony of R. Whitten at pp. 152:13-153:24].

[4] Class Counsel's claims that an alleged benefit to the Class through the Supplemental Settlement is a representation by Range that it would not breach the Original Settlement in the future cannot be seen as an item of demonstrable value to the Class. [ECF Doc. 181 at p. 7].

but also to those who acquired interests from members of the original Class. Essentially, the Supplemental Settlement applies to those individuals and entities who presently hold (or have held) a royalty interest that was subject to a lease modified by the Original Settlement.

Neither Range nor Class Counsel have advanced persuasive authority to detail how this Honorable Court possesses subject matter jurisdiction over the proposed Supplemental Settlement if it includes individuals and entities beyond those named as part of the Original Settlement and over eight (8) years after settlement.[5] Instead, the proffered reasoning from Range and Class Counsel is that successors and assigns of Class Members are necessarily part of the Class, versus being individuals or entities who are merely subject to a contract (a lease) that was modified by the Original Settlement.[6]

In addition to this, the question of this Honorable Court's jurisdiction is broader than Class Counsel's argument about what evidence has been presented regarding class membership. "Proper subject-matter jurisdiction is an inescapable predicate to a discussion of a case's merits." Freedom from Religion Found., Inc. v. Saccone, 894 F. Supp. 2d 573, 578 (M.D. Pa. 2012). "If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so. A federal court can only exercise that power granted to it by Article III of the Constitution and by the statutes enacted pursuant to Article III." In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997). "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case . . ." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018).

---

[5] Class Counsel correctly notes that James Post and Leon Chow were included in the roster of original Class Members. Counsel for Messrs. Post and Chow had not realized that in a supplemental Class mailing roster, after the names proceeded alphabetically from "A" to "Z", that a new alphabetical list started thereafter. Any assertion that Messrs. Post and Chow were not individually part of the "Class" at the time of the Original Settlement are withdrawn.

[6] The instant objectors are unaware of the contours of "who" Range and Class Counsel believe to be part of the Class at present.

Therefore, this Honorable Court must look to the entirety of the purported "Class" subject to the Supplemental Settlement to ascertain whether jurisdiction is present, separate and apart from what parties have presented.

Respectfully Submitted,

Houston Harbaugh, P.C.

Dated: October 4, 2019

By: /s/ *Robert J. Burnett*
Robert J. Burnett, Esquire
Pa. I.D. No. 76734
Brendan A. O'Donnell, Esquire
Pa. I.D. No. 309007
Erik M. Bergenthal, Esquire
Pa. I.D. No. 317978
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
(412) 281-5060
E-mail: *rburnett@hh-law.com*
*odonnellba@hh-law.com*
*bergenthalem@hh-law.com*
(*Counsel for Objectors George M. Aten, Raymond W. Seddon, James H. Post and Leon Chow*)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **OMNIBUS POST-HEARING RESPONSE BRIEF FILED BY GEORGE M. ATEN, RAYMOND W. SEDDON, JAMES H. POST AND LEON CHOW** was served upon counsel of record as stated below via the Court's CM/ECF system this 4th day of October, 2019:

Joseph E. Altomare, Esquire
The Law Office of Joseph Altomare
228 East Central Avenue, PO Box 373
Titusville, PA 16354
*(Counsel for Class Plaintiffs)*

Kevin C. Abbott, Esquire
Justin H. Werner, Esquire
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Anne E. Ralph, Esquire
David W. Hardymon, Esquire
Vorys, Sater, Seymour & Pease LLP
52 East Gay Street
Columbus, OH 43216

Daniel J. Sponseller, Esquire
Law Office of Daniel J. Sponseller
409 Broad Street, Suite 200
Sewickley, PA 15143
(*Counsel for Defendant Range Resources-Appalachia, LLC*)

### *VIA REGULAR MAIL*

Edward P. Zdarko
712 Torrey Farm Road
Titusville, PA 16354

*/s/ Robert J. Burnett*
Robert J. Burnett
*Counsel for George M. Aten, Raymond W. Seddon, James H. Post and Leon Chow*

{CLIENT WORK/40244/0000 H1601854:1}  6