IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD C. FREDERICK and LOUISE M. FREDERICK, h/w, MICHAEL A. MAHLE and PAULA M. MAHLE, h/w, DONALD PORTA, and all other persons similarly situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>RANGE RESOURCES - APPALACHIA, LLC,<br><br>         Defendant. | Civil Action No. 1:08-cv-288-SPB |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Pending before the Court in this civil class action are several motions, including a motion by Defendant Range Resources to strike the affidavit of Ryan J. Rupert, dated September 13, 2019, and filed at ECF No. 180-1. The affidavit was submitted by certain objectors (whom the Court will refer as the "Bigley Objectors") as an exhibit to their post-hearing brief. *See* ECF No. 180. The Bigley Objectors offer Mr. Rupert's affidavit in support of their argument that the proposed supplemental class settlement is inadequate, unfair, and unreasonable as compared to Range Resource's potential liability for underpaid royalties during the time period 2011 to 2018.

In his affidavit, Mr. Rupert concludes, based on his "representative review" of statements from eleven class members, that Range underpaid royalties by not applying the agreed upon post-production cost ("PPC") cap at all during pay period July 2017 through July 2018, by

1

misapplying the cap on an MMBTU[1] basis rather than an MCF[2] basis, and by over-deducting gathering and transportation charges on a systematic, class-wide basis. ECF No. 180-1, ¶7. Using the Shaw Family, LP statements from July 2017 through July 2018 as "an example of an average royalty owner[,]" id. at ¶6(b), Mr. Rupert estimates that Range owes the class approximately $63,481,245 in underpaid back-royalties, broken down into the following three categories of damages:

> a. approximately $36,285,494, attributable to a 13-month period (i.e. July 2017 through July 2018) during which Range failed altogether to apply the *Frederick* PPC cap;
>
> b. Approximately $21,699,223, attributable to a 99-month period (i.e., March 18, 2011 through June 30, 2019) during which Range miscalculated the relevant PPC caps by using MMBTUs as the relevant unit of measurement rather than MCFs; and
>
> c. approximately $5,496,528, attributable to Range's over-deductions, since March 2018, of GAI-Gathering and TAI-Transport charges from natural gas liquids ("NGLs").

ECF No. 108-1, ¶3(a)-(d).

Range Resources moves to strike Mr. Rupert's affidavit on numerous bases. First, it argues that his conclusions conflict with his sworn testimony at the fairness hearing, wherein Mr. Rupert represented that he had not performed any damages calculations on behalf of the class. Second, Range contends that the affidavit is untimely. Third, Range asserts that the affidavit improperly purports to offer expert testimony from a designated fact witness. Fourth, Range argues that Mr. Rupert's underlying assumptions are false and his methodology is fatally flawed.

As support for the latter argument, Range Resources proffers a declaration from Ruth Whitten, Range's Director of Land Administration, dated September 26, 2019. ECF No. 184-1.

---

[1] MMBTU is a measurement signifying one million British Thermal Units.

[2] MCF is a measurement signifying one thousand cubic feet of volume.

Ms. Whitten disputes Mr. Rupert's central assumption that the Shaw Family, LP is a fair proxy for the "average royalty owner." ECF 184-1, ¶4. She points out that the Shaw Family LP has more than 135 producing acres leased with Range Resources, whereas most class members have less than 25 acres. Id. ¶8. In addition, Ms. Whitten notes that there are "many variables that would necessarily factor into calculating the purported damages to each class member," including (among other things) "the relevant acreage of the lease, relevant owner percentages, the length of the period of ownership, the length of the period of production, and the number of wells in which a class member participates." Id. ¶¶6-7. Ms. Whitten also disputes Mr. Rupert's assertion that Range failed to apply any PPC cap for the 13-month spanning July 2017 through July 2018; rather, Ms. Whitten states, Range *did* apply the cap to certain PPC, just not firm transportation costs (or "FCI"). Id. ¶10. She concludes, "[Mr.] Rupert's calculations based on a '13-month failure to apply the cap' are therefore incorrect, even as to the Shaw Family, LP, the one class member for which Rupert reviewed royalty statements." Id. ¶11.

In their response, the Bigley Objectors forswear any intent to proffer Mr. Rupert's affidavit as proof of the ultimate figure on class damages. Thus, they appear to concede that Mr. Rupert's extrapolated damages figures are too speculative to be accepted as fact. Instead, they argue that the affidavit is meant to illustrate the other categories of Range's underpayments (and non-payments), aside from the MMBTU/MCF differential, and demonstrate how quickly those categories would add up when subjected to a multiplier on a class-wide basis. Further, the Bigley Objectors wish to highlight that neither they, nor the Court, are privy to the discovery that Range produced relative to royalty payments; therefore, they insist that the Court cannot meaningfully assess the fairness of the settlement because the information of record is too underdeveloped relative to potential damages. They ask that they and Mr. Rupert have access to

all discovery provided to Class Counsel, so that Mr. Rupert can undertake a more complete analysis of the potential class damages.

Federal Rule of Civil Procedure 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Strictly speaking, the rule applies to "pleadings," rather than other types of filings, such as affidavits. *See City of Hoboken v. Exxon Mobil Corp.*, No. 20-CV-14243, 2021 WL 4077541, at *11 (D.N.J. Sept. 8, 2021) (denying, as procedurally improper, a motion to strike portions of an opposing party's reply brief, because "'(m)otions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).'") (quoting 5C Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1380 (3d ed. 2016)); *Berkery v. Equifax Info. Servs. LLC*, No. CV 18-3417, 2019 WL 7042421, at *3 (E.D. Pa. Dec. 20, 2019) ("'Significantly, Rule 12(f) applies to pleadings, and motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'") (quoting 2 Moore's Federal Practice, § 12.37 (Matthew Bender 3d ed.)).

Nevertheless, while the Court finds no legal basis for striking the challenged affidavit from the record, the Court does agree that Mr. Rupert's extrapolated damages figures are too speculative to be accepted by the Court as relevant fact or opinion evidence; therefore, his conclusions as to the range of potential class damages will be disregarded. Moreover, the Bigley Objectors expressly offered Mr. Rupert as a fact witness at the hearing, whereas his affidavit borders on expert opinion testimony. Because the affidavit was submitted belatedly, after the fairness hearing was concluded, the parties lacked any opportunity to cross-examine Mr. Rupert on the matters on which he opines in his supplemental affidavit. Therefore, consideration of his analysis at this point would unfairly prejudice the parties. As for the objectors' other

observations, the Court can independently take notice of the amount of discovery that was undertaken by the attorneys in this case and the fact that said discovery has not been produced of record (and typically is not).  The Court further understands and acknowledges the Bigley Objectors' position that class members may have been subjected to multiple forms of underpayment of their royalties, as set forth in the Class's motion to enforce the Original Settlement Agreement.  All of these matters will be given due consideration as part of the Court's fairness analysis, but because Mr. Rupert's estimations of potential class damages do not meaningfully advance that analysis, the Court will disregard them in determining whether to accept the proposed supplemental settlement.

In sum, Range Resource's motion to strike will be technically denied, but its arguments will be construed as objections to the Court's consideration of Mr. Rupert's September 13, 2019 affidavit and, to that extent, the objections are sustained.  An appropriate Order follows.

*Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge